UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture | CIVIL NO. |
| Plaintiff | Foreclosure of Mortgage |
| v. | |
| ESTATE OF BENITO ÁLVAREZ DOMÍNGUEZ COMPOSED BY HIS KNOWN HEIR JUAN JOSÉ ÁLVAREZ DOMÍNGUEZ; JOHN DOE and RICHARD ROE as unknown heirs to said Estate | |
| Defendants | |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting as the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.      Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.      Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of one (1) promissory note that affects the properties described further below.

3.      The promissory note is for the amount of **$45,000.00,** with 5% interest, subscribed on September 4, 1979. *See Exhibit 1.*

4.      For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 119. This mortgage is duly recorded at

the corresponding Property Registry.  *See Exhibit 2.*

5.      According to the Property Registry, BENITO ALVAREZ DOMÍNGUEZ appears as owner

of record of the real estate properties subject of this case. Said properties are described -

as they were recorded in Spanish- as follows:

> A) RÚSTICA: Radicada en el Barrio Caonillas Abajo del término municipal de
> Utuado, con cabida de seis cuerdas con diez y nueve centimos de otra,
> equivalentes a dos hectáreas, cuarenta y tres áreas, veintinueve centiáreas
> y diecisiete miliáreas, en lindes: al NORTE, Gabriel Beauchamp; al SUR,
> Pelayo Ruíz; al ESTE, con el Lago de Caonillas; y por el OESTE, con la
> carretera que conduce a la planta hidroeléctrica de Caonillas y separa de
> terrenos de la Puerto Rico Reconstruction Administration.
>
> Property #4963, recorded at page 49 of volume 107 of Utuado, Property
> Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 3.*

> B) **RÚSTICA:** Parcela de terreno sita en el Barrio Caonillas Abajo del término
> municipal de Utuado, Puerto Rico con una cabida superficial de **once**
> **cuerdas y media, equivalentes a cuatro hectáreas, cincuenta y una área**
> **y noventa y cinco centiáreas,** en lindes por el **NORTE,** con tierras de los
> hermanos Ruíz Amengual, o sea el remanente de la finca de quince cuerdas,
> que se segrega de ella, o sea, tierras de la Autoridad de Fuentes Fluviales;
> por el **OESTE,** con la Puerto Rico Reconstruction Administration, apareciendo
> de la inscripción tercera alteradas las colindancias como sigue: **NORTE,**
> Puerto Rico Reconstruction Administration y Pelayo Ruíz; **SUR** y **OESTE,**
> Pelayo Ruíz; y por el **ESTE,** con el Lago Caonillas, estando atravesada por
> la carretera que conduce a la planta eléctrica de Caonillas.
>
> Property #7075, recorded at page 30 of volume 165 of Utuado, Property
> Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 4.*

> C) RÚSTICA: Finca radicada en el barrio Caonillas del término municipal de
> Utuado, compuesta de diecisiete cuerdas con seis mil ciento cincuenta y tres
> diez milésimas de otra, equivalentes a seis hectáreas, noventa y dos áreas,
> treinta y cinco centiáreas y diecisiete miliáreas más o menos, en lindes:
> NORTE, con la Puerto Rico Reconstruction Administration y Pelayo Ruíz; al
> SUR, con Avelino Collazo y José Guindín; al ESTE, el Lago Caonillas; y al
> OESTE, José Guindín y Sucesión Rivera Vázquez. Está atravesada de Sur a
> Norte por la carretera que conduce a la planta eléctrica de Caonillas. Enclava
> una casa de concreto armado y bloques con piso de losetas y torta de
> hormigón, la cual tiene cinco cuartos, sala comedor, cocina, marquesina y

cuartos sanitarios. Dentro del cuerpo de esta finca se encuentra indentado el predio que le fuera disgregado que da al frente de la orilla Este de dicha carretera.

Property #4795, recorded at page 11 of volume 10 of Utuado, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 5.*

6.      Upon information and belief, Benito Álvarez Domínguez passed away on January 31, 2006.

7.      Upon information and belief, the known members of the Estate of Benito Álvarez Domínguez is the following individual:

      (a)      Juan José Álvarez Domínguez

8.      Codefendant is jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

9.      JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate above mentioned.

10.     According to *P.R. Laws Ann.,* Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate to which they lawfully belong.

11.     It was expressly stipulated in the note evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said note, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

12.     The defendants herein have failed to comply with terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, defendants owe to the plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 6*, the following amounts:

    a) On the $45,000.00 Note:

        1) The sum of $21,791.26, of principal;

        2) The sum of $20,328.56, of interest accrued as of September 11, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $2.9851;

        3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

13.    The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

14.    A *Status Report Pursuant to Servicemembers Civil Relief Act,* regarding Juan José Alvarez Domínguez, is not attached to this complaint since we were unable to obtain his social security number.

15.    The real estate property mentioned before is subject to the following liens in the rank indicated:

    (A)   <u>Property 4963</u>:

        1) Recorded liens with preference or priority over mortgage herein recorded:
            a) None

        2) Junior Liens with inferior rank or priority over mortgage herein executed:

            a) Mortgage in favor of Luis Daniel Ramos Méndez in the amount of $5,000.00 with 6% annual interest, due on five years, constituted by deed #84, executed in Utuado, PR on September 4, 1974 before Notary Public Jorge Dominguez, recorded at overleaf of page 133 of volume 293 of Utuado, 14th inscription.
            b) Mortgage in favor of "La Corporación de Crédito Agrícola" in the original principal amount of $10,000.00, responding this property in the amount of $1,900.00, constituted by deed #30, executed in San Juan, Puerto Rico on February 4, 1975, before Luisa Haydeé Virella Fermín, recorded at page 134 of volume 293 of Utuado, 15th inscription.
            c) Seizure executed in the Superior Court of San Juan, civil case #82-3179, for Collection of Monies in favor of Corporación de

Crédito Agrícola in the amount of $1,487.79, recorded at page 135 of volume 293 of Utuado, annotation "A" on September 29, 1982.

(B)    Property 7075:

1)    Recorded liens with preference or priority over mortgage herein recorded:
   a)  None

2)    Junior Liens with inferior rank or priority over mortgage herein executed:

   a)  Mortgage in favor of Luis Daniel Ramos Méndez in the amount of $5,000.00 with 6% annual interest, due on five years, constituted by deed #84, executed in Utuado, PR on September 4, 1974 before Notary Public Jorge Dominguez, recorded at page 151 of volume 251 of Utuado, 9th inscription.
   b)  Mortgage in favor of "La Corporación de Crédito Agrícola" in the original principal amount of $10,000.00, responding this property in the amount of $3,200.00 constituted by deed #30, executed in San Juan, Puerto Rico on February 4, 1975, before Luisa Haydeé Virella Fermín, recorded at page 152 of volume 251 of Utuado, 10th inscription.
   c)  Seizure executed in the Superior Court of San Juan, civil case #82-3179, for Collection of Monies in favor of Corporación de Crédito Agrícola in the amount of $1,487.79, recorded at overleaf of page 152 of volume 251 of Utuado, annotation "A" on September 29, 1982.

(C)    Property 4795:

1)    Recorded liens with preference or priority over mortgage herein recorded:
   a)  None

2)    Junior Liens with inferior rank or priority over mortgage herein executed:

   b)  Mortgage in favor of Luis Daniel Ramos Méndez in the amount of $5,000.00 with 6% annual interest, due on five years, constituted by deed #84, executed in Utuado, PR on September 4, 1974 before Notary Public Jorge Dominguez, recorded at page 115 of volume 323 of Utuado, 23rd inscription.
   c)  Mortgage in favor of "La Corporación de Crédito Agrícola" in the original principal amount of $10,000.00, responding this property in the amount of $4,900.00 constituted by deed #30, executed in San Juan, Puerto Rico on February 4, 1975, before Luisa Haydeé Virella Fermín, recorded at page 116 of volume 323 of Utuado, 24th inscription.
   d)  Seizure executed in the Superior Court of San Juan, civil case #82-3179, for Collection of Monies in favor of Corporación de Crédito Agrícola in the amount of $1,487.79, recorded at page

117 of volume 323 of Utuado, annotation "A" on September 29, 1982.

## VERIFICATION

I, JACQUELINE LAZÚ LABOY, of legal age, married, executive and resident of Toa Alta, Puerto Rico, in my capacity as Acting Director of the Loan Resolution Task Force of the United States Department of Agriculture, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section

1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 21 day of October, 2020.

JACQUELINE LAZU LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)    That defendant's party pays unto the United States the amounts claimed on this complaint;

b)    Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)    That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)    That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 12 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e)    That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)      That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)      For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 22    day of October        , 2020.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN,  PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

Forma FHA 440-16(S) PR  *Alvarez Dominguez, Benita*
Rev. 11-13-73

### DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
### ADMINISTRACION DE HOGARES DE AGRICULTORES

| CLASE DE PRESTAMO | |
|---|---|
| ☒ FO | ☐ RH |
| | ☐ NONFARM |
| | ☐ 504 |
| ☐ FO-NFE | ☐ RRH |
| ☐ SW(Ind.) | ☐ LH |
| ☐ RL | ☐ SURPLUS SALE |

**PAGARE**

| ESTADO |
|---|
| Puerto Rico |
| OFICINA LOCAL |
| Utuado |
| CASO NUM. |
| 63-15-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 |

| FINANCE OFFICE USE ONLY | | | |
|---|---|---|---|
| F | LN | LC | IA |

Fecha...4 de septiembre de ............19 74...

POR VALOR RECIBIDO, el subscribiente (ya sea una o más personas, denominado en adelante "Prestatario") mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los

Estados Unidos, (denominado en adelante el "Gobierno") en su oficina en...Utuado, Puerto Rico...

....................................................................... LA SUMA PRINCIPAL DE

.....CUARENTA Y CINCO MIL CON ----------------------------------- 00/100.........

DOLARES ($ ...45,000.00.......................................... ), más INTERESES sobre el PRINCIPAL

ADEUDADO al .....CINCO.................... POR CIENTO ( ...........5......%) ANUAL. Dicho

PRINCIPAL e INTERESES serán PAGADEROS en los SIGUIENTES .............41............
PLAZOS en o antes de las SIGUIENTES FECHAS:
(Número de plazos)

$ ............734.00.................... en ...Enero 1ro.................. , 19 ..75.......... , y

$ ..........2,623.00.................... subsiguientemente al ..1ro... enero de cada año
hasta tanto el PRINCIPAL y sus INTERESES sean totalmente satisfechos excepto el PAGO FINAL de la
deuda total aquí representada, de no haber sido satisfecho con anterioridad, vencerá y será PAGADERO

..........CUARENTA.......................................................( ...40...................... ) AÑOS de la FECHA
de este PAGARE. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de
pagos anterior.

Todo pago efectuado sobre cualquier deuda representada por este pagaré será aplicado en primer
término a los intereses computados a la fecha de pago y luego al principal.

Pagos adelantados de los plazos estipulados, o cualquier parte de los mismos, podrán hacerse en cualquier
tiempo a opción del Prestatario. Reembolsos o pagos extras, según se definen en los reglamentos (7 C.F.R.
1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos utilizados,
después de abonarse los intereses, se aplicarán a los últimos plazos del pagaré y no afectarán la obligación
del Prestatario de pagar los restantes plazos según se especifican en el mismo.

*Posición 2*

Forma FHA 440-16 (S) PR
(Rev. 11-13-73)





El Prestatario conviene en que el Gobierno en cualquier momento podrá negociar este pagaré y asegurar el pago del mismo, y en tal caso, aunque el Gobierno no sea el tenedor de dicho pagaré, el Prestatario continuará haciendo los pagos de principal e intereses al Gobierno, como agente cobrador del tenedor, según se especifican en éste.

Si este pagaré está en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán a opcion del Gobierno, ser remitidos por el Gobierno prontamente al tenedor, o excepto para el pago final que podrá ser retenido por el gobierno y remitido al tenedor a base de pagos trimestrales o a base del plazo anual. La fecha efectiva de los pagos adelantados retenidos y remitidos por el Gobierno al tenedor a base de plazo anual sera la fecha del pago adelantado por el Prestatario y el Gobierno pagará al tenedor los intereses que se devenguen sobre dicho pago desde la fecha efectiva hasta la fecha consignada en el cheque del Tesoro remitido al tenedor.

El Prestatario, por la presente certifica que no puede obtener crédito suficiente de otras fuentes para financiar sus necesidades actuales a un tipo de interés y términos razonables; tomando en consideración los tipos y términos prevalecientes de fuentes privadas y cooperativas en o cerca de su comunidad, para préstamos con períodos de tiempo y propósitos similares, y que el préstamo aquí evidenciado se usará solamente para propósitos autorizados por el Gobierno.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario (a) operará personalmente dicha propiedad por sí mismo con su familia, como una finca si este préstamo es a dueño de finca (FO) o (b) ocupará y usará personalmente dicha propiedad si este es un préstamo de vivienda rural (RH) en un solar o finca no agrícola o en el caso de un préstamo de la Sección 504 de vivienda rural.

**CONVENIO DE REFINANCIAMIENTO:** Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa. Este párrafo y el que le precede no serán aplicables al co-deudor que firme este pagaré de acuerdo a lo previsto en la Sección 502 de la Ley de Hogares de 1949, para compensar cualquier deficiencia en la habilidad de pago del (los) otro(s) compareciente(s).

**INCUMPLIMIENTO:** La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario a o asegurada por el Gobierno o garantizando o en cualquier otra forma relacionada con dicha deuda; e incumplimiento bajo cualquier otro de dicho instrumento constituirá incumplimiento bajo los términos de este documento.

**COMETIDO CUALQUIER INCUMPLIMIENTO;** El Gobierno, a su opción, podrá declarar inmediatamente toda o parte de dicha deuda vencida y pagadera.

Este pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farmers Home Administration Act of 1961 si el apartado correspondiente a "FO", "FO-NFE", "RL" o "SW (Ind.)" ha sido marcado bajo el título "CLASE DE PRESTAMO", o conforme al Título V de la Ley de Hogares de 1949 si el apartado correspondiente a "RH", "RRH" o "LH" ha sido marcado. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, aviso y protesta son por la presente expresamente renunciados.

Dirección Postal del Prestatario

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (1) | 6 | 1 | 1 | | F | D | Z | | J | U | N | C | O | A V E |
| (2) | M | I | R | A | M | A | R | | P | R | | | |
| (3) | | | | | | | | | | | | | |
| (4) | | | | | | | | | | | | | |

Zip Code

_Benito Alvarez Domínguez_          **(PRESTATARIO)**

Soltero

**(ESPOSA)**

Páguese a la orden de —————————————————

ESTADOS UNIDOS DE AMERICA
ADMINISTRACION DE HOGARES DE AGRICULTORES

Por:————————————————

**(Título)**

FmHA 440-16  PR Form ( v. 11-13-73)

United States Department of Agriculture
Farmers Home Administration
PROMISSORY NOTE

| TYPE OF LOAN | |
|---|---|
| [ x ] FO | [ ] RH |
| | [ ] NON-FAR |
| | [ ] 504 |
| [ ] FO-NFE | [ ] RRH |
| [ ] SW (Ind.) | [ ] LH |
| [ ] RL | [ ] Surplus Sale |

| State – PUERTO RICO | | | |
|---|---|---|---|
| Local Office - Utuado | | | |
| Case Number 63-15-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 | | | |
| Finance Office Use Only | | | |
| F | LN | LC | IA |

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true
faithful translation of its ori...
*Patricia Beckeley*
PATRICIA BECK...
Certified Court Inter...

Date : September 4, 1974

FOR VALUE RECEIVED, the subscriber (whether one or more persons, henceforth referred to as "The Borrower"), severally and jointly, shall pay to the United States of America, acting through the Farmers Home Administration of the United States Department of Agriculture (henceforth referred to as "the Government"), at its office in Utuado, Puerto Rico THE PRINCIPAL SUM OF Forty-five Thousand   DOLLARS ($45,000.00 ) plus INTEREST on the BALANCE OF THE PRINCIPAL owed AT THE RATE OF  FIVE  PERCENT (5%) ANNUALLY. Said PRINCIPAL AND INTEREST shall be PAYABLE in the FOLLOWING (number of installments)  41 INSTALLMENTS or before to the FOLLOWING DATES:  $ 734.00        on   January  1st, 1975 , and $2,623.00  subsequently on January 1st of EACH YEAR  until the PRINCIPAL and its INTEREST have been totally satisfied, except the FINAL PAYMENT of the debt represented herein, if it has not been previously satisfied, shall be due and PAYABLE FORTY  (40 ) YEARS from the DATE of this PROMISSORY NOTE. The consideration shall back any agreement modifying the form of payment.

Any payment verified against any debt represented by this promissory note shall be applied in the first term to interest calculated until the day of the payment and the balance of the principal.

At the option of the Borrower, there may be made at any time, payments in advance of the installments stipulated for credit toward the same. Reimbursements or extra payments, as they are defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in conformity with the source of the funds utilized, after crediting the interest, shall be applied to the last installments of the promissory note and shall not affect the obligation of the Borrower to pay the remaining installments pursuant to how they are specified the same.

2

The Borrower agrees that the Government at any time may endorse this promissory note and ensure the payment of the same, and in such case, although it is not in the hands of the Government, the Borrower shall continue making the payments to the Government for the principal and the interest pursuant to how they are specified in the same, as the collection agent for the holder of the Promissory Note.

While this promissory note is in the power of the insured borrower, the payments in advance made by the Borrower at the option of the Government shall be forwarded by the Government promptly to the holder, or except the final payment may be withheld by the Government and forwarded to the holder on the basis of trimestral or annual payments. The effective date of each payment made by the Borrower, except the payments withheld and forwarded to the Government on the basis of the annual payment, shall be the date of the check of the United States Treasury by virtue of which said payment is forwarded by the Government to the holder. The effective date of the advance payments withheld and forwarded by the Government to the holder on the basis of the annual installments shall be the date of the advance payment on the part of the Borrower and the Government shall pay the holder the interest that is accrued on said payment from the effective date until the date consigned in the check of the Treasury forwarded to the holder.

The Borrower certifies sufficient credit could not be obtained from other sources to finance his present needs at reasonable rates and terms, taking into consideration the prevailing rates and terms of private sources and credit unions in or near his community, for loans with similar time periods and purposes.

The property built, improved, purchased or refinanced in its entirety or partly with the loan evidenced herein shall not be ceded, sold, transferred or encumbered voluntarily or in another form, without the prior written consent from the Government. Unless the Government consents in writing to the contrary, the Borrower (a) shall personally operate the goods by himself and through his family, as a farm if this loan is a farm owner (FO) or (b) shall personally occupy and use the property if this a rural dwelling loan (RH) on a lot or non-agricultural farm or a loan under Section 504 for rural dwelling.

REFINANCING AGREEMENT: If at any time the Government were to determine that the Borrower may obtain a loan from a responsible credit union or from another private credit source at a reasonable rate of interest and terms for loans with similar time and conditions, the Borrower at the request of the Government, shall apply and accept the loan in a sufficient amount to satisfy this promissory note and pay the necessary shares if the lender is a credit union. In accordance to Section 502 of the 1949 Home Act, this paragraph as well as the previous one shall not be applicable to the co-debtor in the event that he signs the promissory note to compensate for any deficiency in the ability to pay of the other appearing one.

VIOLATION of what is consigned herein shall constitute a violation of any other instrument representing a debt on the part of the Borrower to or insured by the Government or guaranteeing or in any way related to said debt; the breach of any other instrument shall constitute a violation of the present one. ONCE ANY VIOLATION HAS BEEN COMMITTED, the Government, at its option, may declare any of said debts totally or partially due.

This Promissory Note is executed as evidence of a loan to the Borrower granted or insured by the Government in conformity to the Consolidated Farmers Home Administration Act of 1961, if the clause corresponding to "FO", "FO-NFE", "RL" or "SW (Ind.)" has been marked under the title "TYPE OF LOAN", or in conformity to Title V of the 1949 Home Act if the clause corresponding to "RH", "RHH" or "LH" has been marked. This Promissory Note is subject to the present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the stipulations consigned herein.

Presentation, notice and protest are by means of the present document expressly waived.

Postal Address of the Borrower

(1)   611 Fernández Juncos Ave.

(2)   Miramar, P.R.

(3)

(4)

Zip Code

(signed)

Benito Álvarez Domínguez   (BORROWER)

Single

Pay to the order of _____

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original
Patricia Beckley
PATRICIA B___
Certified C___ ___

UNITED STATES OF AMERICA-FARMERS HOME ADMINISTRATION

By: _____

(Title)

Forma FHA-427-1 PR
10/61

------------------NUMERO   CIENTO DIEZ Y NUEVE-------

----------------HIPOTECA VOLUNTARIA----------------

En la ciudad de Utuado, Puerto Rico, a cuatro de --
septiembre de mil novecientos setenta y cuatro.----

----------------------ANTE MI----------------------
----------------LUIS PEREZ MATOS----------------

Abogado y Notario Público de esta Isla con residen--
cia y vecindad en  --Utuado--  y oficina en dicha
ciudad----------------------------------------------

--------------------COMPARECEN--------------------

Las personas nombradas en el párrafo DUODECIMO de---
esta hipoteca denominados de aquí en adelante el ---
"deudor hipotecario" y cuyas circunstancias persona-
les aparecen de dicho párrafo.----------------------
Doy fe del conocimiento personal de los comparecien-
tes, así como por sus dichos de su edad, estado ci--
vil, profesión y vecindad.--------------------------
Aseguran hallarse en el pleno goce de sus derechos--
civiles, la libre administración de sus bienes y te-
niendo a mi juicio la capacidad legal necesaria para-
este otorgamiento,----------------------------------

--------------------EXPONEN--------------------

PRIMERO:  El deudor hipotecario es dueño de la finca
o fincas descritas en el párrafo UNDECIMO así como de
todos los derechos e intereses en las mismas, denomi
nada de aquí en adelante "los bienes".--------------
SEGUNDO:  Que los bienes aquí hipotecados están afec
tos a los gravámenes que se especifican en el párra-
fo UNDECIMO.----------------------------------------
TERCERO:  Que el deudor hipotecario viene obligado--



forma FHA-427-1 PR
10/61

hipotecario, por convenio con el prestamista asegu-

rado, determinarán en el endoso de seguro la por---

ción del pago de intereses del pagaré que será de--

signada como "cargo anual".------------------------

(Cinco) Una condición del aseguramiento de pago---

del pagaré será de que el tenedor cederá todos sus-

derechos y remedios contra el deudor hipotecario y-

cualquiera otro en relación con dicho préstamo asi--

como también a los beneficios de esta hipoteca y --

aceptará en su lugar los beneficios del seguro, y -

en caso de violación de cualquier convenio o estipu

lación aquí contenida o en el pagaré o en cualquier

convenio suplementario por parte del deudor hipote-

cario, a requerimiento del acreedor hipotecario en-

dosará el pagaré al acreedor hipotecario.----------

(Seis) Entre otras cosas, es el propósito e inten-

ción de esta hipoteca, que en todo tiempo cuando el

pagaré esté en poder del acreedor hipotecario, o en

el caso en que el acreedor hipotecario ceda esta hi-

poteca sin asegurar el pagaré, esta hipoteca garanti

zará el pago del pagare pero cuando el pagaré esté--

en poder de un prestamista asegurado, esta hipoteca-

no garantizará el pago del pagaré o formará parte de

deuda evidenciada por el mismo, pero en cuanto al

pagaré y a dicha deuda, constituirá una hipoteca de-

indemnización para garantizar al acreedor hipotecario

contra cualquier pérdida bajo el endoso de seguro---

por causa de cualquier incumplimiento por parte del-

deudor hipotecario.--------------------------------

QUINTO: Que en consideración al préstamo y (a) en--

-8-

para con Estados Unidos de América, actuando por conducto---
de la Administración de Hogares de Agricultores, denominado
de aquí en adelante el "acreedor hipotecario", en relación
con un préstamo o préstamos evidenciado por uno o más-------
pagarés o convenio de subrogación, denominado en adelante--
el "pagaré", sean uno o más.  Se requiere por el Gobierno--
que se hagan pagos adicionales mensuales de una doceava----
parte de las contribuciones, avaluos (impuestos), primas---
de seguros y otros cargos que se hayan estimados sobre la--
propiedad hipotecaria.------------------------------------.

CUARTO:  Se sobreentiende que:-----------------------------

(Uno)  El pagaré evidencia un préstamo o préstamos al-------
deudor hipotecario por la suma de principal especificada en-
el mismo, concedido con el propósito y la intención de que--
el acreedor hipotecario puede ceder el pagaré en cualquier--
tiempo y asegurar su pago de conformidad con el Acta de-----
mil novecientos sesenta y uno consolidando la Administra----
ción de Hogares de Agricultores o el Título Quinto de la----
Ley de Hogares de mil novecientos cuarenta y nueve, según---
ha sido enmendada.-----------------------------------------

(Dos)  Cuando el pago del pagaré es garantizado por el------
acreedor hipotecario, puede ser cedido de tiempo en tiempo--
y cada tenedor de dicho pagaré a su vez será el prestamista-
asegurado.-------------------------------------------------

(Tres)  Cuando el pago del pagaré es asegurado por el-------
acreedor hipotecario, el acreedor hipotecario otorgara y----
entregara al prestamista asegurado conjuntamente con el-----
pagaré un endoso de seguro garantizando totalmente el pago--
de principal e intereses de dicho pagaré.--------------------

(Cuatro)  En todo tiempo que el pago del pagaré este--------
asegurado por el acreedor hipotecario, el acreedor----------
-----------------------------------------------------------
-----------------------------------------------------------
-----------------------------------------------------------

todo tiempo que el pagaré sea conservado por el ----
acreedor hipotecario o en el caso de que el acreedor
hipotecario ceda la presente hipoteca sin el seguro
del pago del pagaré y en garantía del importe del---
pagaré según se especifica en el subpárrafo (Uno)---
del párrafo NOVENO con sus intereses al tipo estipu-
lado y para asegurar el pronto pago de dicho pagaré,
su renovación o extensión y cualquier convenio con--
tenido en el mismo, (b) en todo tiempo que el pagaré
sea poseído por el prestamista asegurado en garantía
de las sumas especificadas en el subpárrafo (Dos)---
del párrafo NOVENO aquí consignado, para garantizar-
el cumplimiento del convenio del deudor hipotecario-
de indemnizar y conservar libre al acreedor hipoteca
rio contra pérdidasbajo el endoso de seguro por ----
razón de incumplimiento del deudor hipotecario, y --
(c) en cualquier caso y en todo tiempo en garantía--
de las sumas adicionales consignadas en el subpárra-
fo (Tres) del párrafo NOVENO de este instrumento y--
para asegurar el cumplimiento de todos y cada uno---
de los convenios y estipulaciones del deudor hipote-
cario aquí contenidos o en cualquier otro convenio--
suplementario, el deudor hipotecario por la presente
constituye hipoteca voluntaria a favor del acreedor-
hipotecario sobre los bienes descritos en el párrafo
UNDECIMO más adelante, así como sobre los derechos,
intereses, servidumbres, derechos hereditarios, ad-
hesiones pertenecientes a los mismos, toda renta,--
réditos, beneficios de los mismos, y todo producto
e ingreso de los mismos, toda mejora o propiedad ---

-4-

personal en el presente o que en el futuro se adhie

ra o que sean razonablemente necesarias para el uso

de los mismos, sobre las aguas, los derechos de agua

o acciones en los mismos, pertenecientes a las fin-

cas o a todo pago que en cualquier tiempo se adeude

al deudor hipotecario por virtud de la venta, arren-

damiento, transferencia, enajenación o expropiación

total o parcial de o por daños a cualquier parte de

las mismas o a los intereses sobre ellas, siendo en

tendido que este gravámen quedará en toda su fuerza

y vigor hasta que las cantidades especificadas en---

el párrafo NOVENO con sus intereses antes y después

del vencimiento hasta que los mismos hayan sido pa-

gados en su totalidad. En caso de ejecución, los--

bienes responderán del pago del principal, los inte-

reses antes y después de vencimiento, hasta su total

solvento, pérdida sufrida por el acreedor hipoteca--

rio como asegurador del pagaré, contribuciones, pri

ma de seguro o cualquier otro desembolso o adelanto

por el acreedor hipotecario por cuenta del deudor --

hipotecario con sus intereses hasta que sean pagados

al acreedor hipotecario, costas, gastos y honorarios



de abogado del acreedor hipotecario, toda extensión-

renovación de dichas obligaciones con intereses---

sobre todas y todo otro cargo o suma adicional espe-

cificada en el párrafo NOVENO de este documento.----

SEXTO: El deudor hipotecario expresamente conviene-

lo siguiente:------------------------------------

(Uno)  Pagar al acreedor hipotecario prontamente a -

su vencimiento cualquier deuda aquí garantizada e --

Forma FHA-427-1 PR
10/61

indemnizar y conservar libre de pérdida al acreedor-
hipotecario bajo el seguro del pago del pagaré por--
incumplimiento del deudor hipotecario. En todo tiem
po cuando el pagaré sea poseído por el prestamista--
asegurado, el deudor hipotecario continuará haciendo
los pagos contra dicho pagaré al acreedor hipoteca--
rio como agente cobrador del tenedor del mismo.-----

(Dos)  A pagar al acreedor hipotecario una cuota ini
cial por inspección y tasación y cualquier cargo por
delincuencia requerido en el presente o en el futuro
por los reglamentos de la Administración de Hogares-
de Agricultores.-------------------------------------

(Tres)  En todo tiempo cuando el pagaré sea poseído
por un prestamista asegurado, cualquier suma adeuda-
da y no pagada bajo los términos del pagaré, menos--
la cantidad o carga anual, podrá ser pagada por el--
acreedor hipotecario al tenedor del pagaré bajo los
términos provistos en el pagaré y en el endoso de --
seguro referido en el párrafo CUARTO anterior por --
cuenta del deudor hipotecario.----------------------

Cualquier suma vencida y no pagada bajo los términos
del pagaré, sea este poseído por el acreedor hipote-
cario o por el prestamista asegurado, podrá ser ---
reditada por el acreedor hipotecario al pagaré y--
u consecuencia constituirá un adelanto por el --
acreedor hipotecario por cuenta del deudor hipoteca-
rio.-----------------------------------------------

Cualquier adelanto por el acreedor hipotecario tal--
como se describe en este subpárrafo devengará intere
ses a razón del ----cinco--- por ciento ( 5 %) anual

-6-

Forma FHA-427-1 PR
10/61

a partir de la fecha en que venció el pago hasta la-
fecha en que el deudor hipotecario lo satisfaga.-----

(Cuatro) Fuere o no el pagaré asegurado por el acree
dor hipotecario, cualquier o todo adelanto hecho por
el acreedor hipotecario para prima de seguro, repara
ciones, gravámenes u otra reclamación en protección-
de los bienes hipotecados o para contribuciones o --
impuestos u otro gasto similar por razón de haber el
deudor hipotecario dejado de pagar por los mismos,--
devengará intereses a razón del tipo estipulado en--
el subpárrafo anterior desde la fecha de dichos ade-
lantos hasta que los mismos sean satisfechos por el-
deudor hipotecario.-----------------------------------

(Cinco) Todo adelanto hecho por el acreedor hipote-
cario descrito en esta hipoteca con sus intereses --
vencerá inmediatamente y será pagadero por el deudor
hipotecario al acreedor hipotecario sin necesidad de
requerimiento alguno en el sitio designado en el pa-
garé y será garantizado por la presente hipoteca.---
Ningún adelanto hecho por el acreedor hipotecario no
relevará al deudor hipotecario de su violación del--
convenio de pagar. Dichos adelantos, con sus intere
es, se reembolsarán de los primeros pagos recibidos
deudor hipotecario. Si no hubieren adelantos,--
todo pago verificado por el deudor hipotecario podrá
ser aplicado al pagaré o a cualquier otra deuda del-
deudor hipotecario aquí garantizada en el orden que-
el acreedor hipotecario determinare.---------------

(Seis) Usar el importe del préstamo evidenciado por
el pagaré únicamente para los propósitos autorizados

-7-

por el acreedor hipotecario.------------------------

(Siete)  A pagar a su vencimiento las contribuciones
impuestos especiales, gravámenes y cargas que graven
los bienes o los derechos o intereses del deudor hi-
potecario bajo los términos de esta hipoteca.▼------

(Ocho)  Obtener y mantener seguro contra incendio y
otros riesgos según requiera el acreedor hipotecario
sobre los edificios y las mejoras existentes en los-
bienes o cualquier otra mejora introducida en el fu-
turo.  El seguro contra fuego y otros riesgos serán-
en la forma y por las cantidades, términos y condi-
ciones que aprobare el acreedor hipotecario.--------

(Nueve)  Conservar los bienes en buenas condiciones-
y prontamente verificar las reparaciones necesarias
para la conservación de los bienes; no cometerá ni--
permitirá que se cometa ningún deterioro de los bie-
nes; ni removerá ni demolerá ningún edificio o mejo-
ra en los bienes, ni cortará ni removerá madera de-
la finca, ni removerá ni permitirá que se remueva--
grava, arena, aceite, gas, carbón u otros minerales-
sin el consentimiento del acreedor hipotecario y --
prontamente llevará a efecto las reparaciones en los
bienes que el acreedor hipotecario requiera de tiem-
po en tiempo.  El deudor hipotecario cumplirá con--
aquellas prácticas de conservación de suelo y los -
planes de la finca y del hogar que el acreedor hipo-
tecario de tiempo en tiempo pueda prescribir.-------

(Diez)  Si esta hipoteca se otorga para un préstamo
a dueño de finca según se identifica en los regla--
mentos de la Administración de Hogares de Agriculto



-8-

Forma FHA-427-1 PR
10/61

res, el deudor hipotecario personalmente operará --
los bienes por sí y por medio de su familia como una
finca y para ningún otro propósito y no arrendará--
la finca ni parte de ella a menos que el acreedor--
hipotecario consienta por escrito en otro método de
operación o al arrendamiento.-----------------------

(Once)   Someterá en la forma y manera que el acree-
dor hipotecario requiera la información de sus in--
gresos y gastos y cualquier otra información relacio
nada con la operación de los bienes y cumplirá con--
todas las leyes, ordenanzas y reglamentos que afec--
ten los bienes o su uso.----------------------------

(Doce)   El acreedor hipotecario, sus agentes y abo--
gados, tendrán en todo tiempo el derecho de inspec--
cionar y examinar los bienes con el fin de determi--
nar si la garantía otorgada está siendo mermada o de
teriorada, y si dicho examen o inspección determina-
re, a juicio del acreedor hipotecario, que la garan-
tía otorgada está siendo mermada o deteriorada, tal-
condición se considerará como una violación por par-
te del deudor hipotecario de los convenios de esta--
hipoteca.-------------------------------------------

(Trece)   Si cualquier otra persona detentare con o--
tuviere el derecho de posesión del deudor hipoteca
rio los bienes, el deudor hipotecario inmediatamen
te notificará al acreedor hipotecario de dicha ac---
ción y el acreedor hipotecario, a su opción, podrá--
instituir aquellos procedimientos que fueren necesa-
rios en defensa de sus intereses y los gastos y desem
bolsos incurrido por el acreedor hipotecario en ----

-9-

dichos procedimientos, serán cargados a la deuda del
deudor hipotecario y se considerarán garantizados--
por esta hipoteca dentro del crédito adicional de la
cláusula hipotecaria para adelantos, gastos y otros-
pagos.---------------------------------------------

(Catorce)  Si el deudor hipotecario en cualquier ---
tiempo mientras estuviere vigente esta hipoteca; ---
abandonare los bienes o voluntariamente se los entre
gase al acreedor hipotecario, el acreedor hipoteca--
rio es por la presente autorizado y con poderes para
tomar posesión de los bienes, arrendarlos y adminis-
trar los bienes y cobrar sus rentas, beneficios e---
ingresos de los mismos y aplicarlos en primer térmi-
no a los gastos de cobro y administración y en segun
do término al pago de la deuda evidenciada por el---
pagaré o cualquier otra deuda del deudor hipotecario
y aquí garantizada, en el orden y manera que el ----
acreedor hipotecario determinare.-------------------

(Quince)  En cualquier tiempo que el acreedor hipote
carlo determinare que el deudor hipotecario puede --
obtener un préstamo de una asociación de crédito ---
para producción, de un Banco Federal u otra fuente--
sponsable, cooperativa o privada, a un tipo de in-
tés y términos razonables para préstamos por tiem-
po y propósitos similares, el deudor hipotecario, a
equerimiento del acreedor hipotecario, solicitará--
y aceptará dicho préstamo en cantidad suficiente ---
para satisfacer el pagaré y cualquier otra deuda ---
aquí garantizada y pagar por las acciones necesarias
en la agencia cooperativa en relación con dicho ----

-10-

Forma FHA-427-1 PR
10/61

préstamo.--------------------------------------

(Dieciseis) El incumplimiento de cualesquiera de---
las obligaciones garantizadas por esta hipoteca, o-
si el deudor hipotecario o cualquier otra persona--
incluída como deudor hipotecario faltare en el pago
de cualquier cantidad o violare o no cumpliere con-
cualquier cláusula, condición, estipulación o conve
nio o acuerdo aquí contenido o en cualquier conve--
nio suplementario, o falleciere o se declarare o --
fuere declarado incompetente, en quiebra, insolven-
te o hiciere una cesión en beneficio de sus acreedo
res, o los bienes o parte de ellos o cualquier inte
rés en los mismos fueren cedidos, vendidos, arrenda
dos, transferidos o gravados voluntariamente o de--
otro modo, sin el consentimiento por escrito del --
acreedor hipotecario, el acreedor hipotecario es --
irrevocablemente autorizado y con poderes, a su op-
ción y sin notificación: (Uno) a declarar toda deu
da no pagada bajo los términos del pagaré o cual---
quier otra deuda al acreedor hipotecario aquí garan
tizada, inmediatamente vencida y pagadera y proce--
der a su ejecución de acuerdo con la ley y los tér-
minos de la misma; (Dos) incurrir y pagar los gas--
a razonables para la reparación o mantenimiento--
os bienes y cualquier gasto u obligación que el
deudor hipotecario no pagó según se conviniere en -
esta hipoteca, incluyendo las contribuciones, im---
puestos, prima de seguro y cualquier otro pago o --
gasto para la protección y conservación de los bie-
nes y de esta hipoteca o incumplimiento de cualquier

-11-

precepto de esta hipoteca y (Tres) de solicitar la protección de la ley.---------------------------------
(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y--- acuerdos de esta hipoteca, los del pagaré y en cualquier otro convenio suplementario, incluyendo los--- gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado.-------------------
(Dieciocho) Sin afectar en forma alguna los dere--- chos del acreedor hipotecario para requerir y hacer- cumplir en cualquier fecha posterior los convenios,- acuerdos u obligaciones aquí contenidas o similares- u otros convenios y sin afectar la responsabilidad-- de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el-- gravámen impuesto sobre los bienes o la prioridad -- del gravámen, el acreedor hipotecario es por la presente autorizado y con podèr en cualquier tiempo --- (Uno) renunciar el cumplimiento de cualquier conve-- nio u obligación aquí contenida o en el pagaré o en- cualquier convenio suplementario; (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión-- de tiempo para el pago del pagaré (con el consenti-- miento del tenedor de dicho pagaré cuando esté en -- manos de un prestamista asegurado) o para el pago--- de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bie--

Forma FHA-427-1 PR
10/61

nes de la hipoteca aquí constituída u otorgar dife-
rimiento o postergación de esta hipoteca a favor de
cualquier otro gravámen constituído sobre dichos --
bienes.------------------------------------------------

(Diecinueve) Todos los derechos, título e interes--
en y sobre la presente hipoteca, incluyendo pero no-
limitando el poder de otorgar consentimientos, can-
celaciones parciales, subordinación, cancelación to-
tal, radica sola y exclusivamente en el acreedor hi-
potecario y ningún prestamista asegurado tendrá de--
recho, título o interés alguno en o sobre el gravá--
men y los beneficios aquí contenidos.---------------

(Veinte) El incumplimiento de esta hipoteca consti-
tuirá incumplimiento de cualesquiera otra hipoteca,
préstamo refaccionario, o hipoteca de bienes muebles
poseída o asegurada por el acreedor hipotecario y --
otorgada o asumida por el deudor hipotecario; y el--
incumplimiento de cualesquiera de dichos instrumen--
tos de garantía constituirá incumplimiento de esta--
hipoteca.----------------------------------------------

(Veintiuno) Todo aviso que haya de darse bajo los--
términos de esta hipoteca será remitido por correo--
certificado a menos que se disponga lo contrario por
ley, y será dirigido hasta tanto otra dirección sea-
designada en un aviso dado al efecto, en el caso del
acreedor hipotecario a Administración de Hogares de-
Agricultores, Departamento de Agricultura de Estados
Unidos, San Juan, Puerto Rico, y en el caso del deu-
dor hipotecario, a el a la dirección postal de su --
residencia según se especifica más adelante.---------

(Veintidos) El deudor hipotecario por la presente--
cede al acreedor hipotecario el importe de cualquier
sentencia obtenido por expropiación forzosa para uso
público de los bienes o parte de ellos así como tam-
bién el importe de la sentencia por daños causados--
a los bienes. El acreedor hipotecario aplicará el--
importe que reciba al pago de los gastos en que in--
curriere en su cobro y el balance al pago del pagaré
y cualquier deuda al acreedor hipotecario garantiza-
da por esta hipoteca, y si hubiere algún sobrante,--
se reembolsará al deudor hipotecario.----------------
SEPTIMO: Para que sirva de tipo a la primera subas-
ta que deberá celebrarse en caso de ejecución de esta
hipoteca, de conformidad con la ley hipotecaria, se-
gún enmendada, el deudor hipotecario por la presente
tasa los bienes hipotecados en la suma de CUARENTA
Y CINCO MIL DOLARES ($45,000.00).-------------------
----------------------------------------------------



OCTAVO: El deudor hipotecario por la presente renun
cia al trámite de requerimiento y se considerará en-
mora sin necesidad de notificación alguna por parte-
del acreedor hipotecario. Esta hipoteca está sujeta
los reglamentos de la Administración de Hogares de
cultores ahora en vigor y a futuros reglamentos,
no consistentes con los términos de esta hipoteca,
así como también sujeta a las leyes del Congreso de-
tados Unidos de América que autorizan la asigna---
ción y aseguramiento del préstamo antes mencionado.--
NOVENO: Las cantidades garantizadas por esta hipote
ca son las siguientes:------------------------------

Una.   En todo tiempo cuando el pagaré relacionado en

el párrafo TERCERO de esta hipoteca sea poseído por-

el acreedor hipotecario o en caso que el acreedor hi

potecario cediere esta hipoteca sin asegurar el paga

rén-     CUARENTA Y CINCO MIL -----------------------

--------------------------- DOLARES ($45,000,00)--

el principal de dicho pagaré, con sus intereses se--

gún estipulados a razón del --cinco--   por ciento-

(-5- %) anual;-------------------------------------

Dos.   En todo tiempo cuando el pagaré es poseído por

un prestamista asegurado:--------------------------

(A)     CUARENTA Y CINCO MIL -------------------------

--------------------------- DOLARES ($ 45,000.00--

para indemnizar al acreedor hipotecario por adelan--

tos al prestamista asegurado por motivo del incumpli

miento del deudor hipotecario de pagar los plazos --

según se especifica en el pagaré, con intereses se--

gún se especifica en el párrafo SEXTO, Tercero;-----

(B)     SESENTA Y SIETE MIL QUINIENTOS ------------

----------------------------DOLARES ($67,500.00 --

para/indemnizar al acreedor hipotecario además contra

cualquier pérdida que pueda sufrir bajo su seguro de

pago del pagaré;-----------------------------------

res.   En cualquier caso y en todo tiempo;-----------

NUEVE MIL ---------------------------------

----------------------------DOLARES ($ 9,000,00)--

para intereses después de mora;--------------------

NUEVE MIL ---------------------------------

---------------------------- DOLARES ($ 9,000,00)--

para contribuciones, seguro y otros adelantos para--

Forma FHA-427-1 PR
10/61

la conservación y protección de esta hipoteca, con--

intereses al tipo estipulado en el párrafo SEXTO, --

Tercero;----------------------------------------------

(C)    CUATRO MIL QUINIENTOS --------------------

------------------------------ DOLARES ($ 4,500.00) --

para costas, gastos y honorarios de abogado en caso-

de ejecución;----------------------------------------

(D)    CUATRO MIL QUINIENTOS ---------------------

------------------------------ DOLARES ($ 4,500.00) --

para costas y gastos que incurriere el acreedor hipo

tecario en procedimientos para defender sus intereses

contra cualquier persona que intervenga o impugne el

derecho de posesión del deudor hipotecario a los bie

nes según se consigna en el párrafo SEXTO, Trece.---

DECIMO:  Que el (los) pagaré(s) a que se hace refe--

rencia en el párrafo TERCERO de esta hipoteca es(son)

descrito(s) como sigue:-------------------------------

Pagaré otorgado en el caso número sesenta y tres gui-

ón quince guión ▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬ (63-15-

▬▬▬▬), fechado hoy día  cuatro de septiembre de

mil novecientos setenticuatro por la suma de CUARENTA

Y CINCO MIL DOLARES ($45,000.00) de principal con in-

tereses sobre el balance de principal adeudado a ra-

zón del cinco por ciento (5%) anual.  Dicho principal

e intereses serán pagaderos en los siguientes plazos

o antes de las siguientes fechas:  SETECIENTOS --

TREINTA Y CUATRO DOLARES ($734.00) en enero primero ,

de mil novecientos setenta y cinco y DOS MIL SEISCIEN-

TOS VEINTITRES DOLARES ($2,623.00) anualmente cada -

enero primero subsiguiente hasta tanto el principal y

-16-

sus intereses sean totalmente satisfechos, excepto -
el pago final de la deuda total aquí representada, -
de no haber sido satisfecho con anterioridad vencerá
y será pagadero a los cuarenta (40) años de la fecha
del pagaré.--------------------------------------------------

Dicho pagaré ha sido otorgado como evidencia de un -
préstamo por el Gobierno al prestatario de conformi-
dad con la Ley del Congreso de Estados Unidos de Amé-
rica denominada Consolidated Farmers Home Administra-
tion Act of nineteen sixty one o de conformidad con
la Ley de Hogares de mil novecientos cuarentinueve,
según han sido enmendadas y está sujeto a los presen-
tes reglamentos no inconsistentes con dicha Ley.-----

UNDECIMO:   Descripción de los bienes------------------

"A" RUSTICA:  Radicada en el Barrio CAGNILLAS ABAJO
del término municipal de Utuado, con cabida de SEIS
CUERDAS con DIEZ Y NUEVE CENTIMOS de otra, equivalen-
tes a dos hectáreas, cuarenta y tres áreas, ventinue-
ve centiáreas y diecisiete miliáreas en LINDES: al
Norte, Gabriel Beauchamp; al Sur, Pelayo Ruiz; al Es-
te, con el Lago de Caonillas; y por el Oeste, con la
carretera que conduce a la planta hidroeléctrica de
Caonillas y separa de terrenos de la Puerto Rico Re-
construction Administration.--------------------------

Por su inscripción undécima figura inscrita en el Re-
gistro de la Propiedad al folio ciento treinta y dos
(132) del tomo doscientos noventa y tres (293) del -
Municipio de Utuado, finca número cuatro mil novecien-
tos sesenta y tres (4,963).---------------------------

"B" RUSTICA:   Sita en el Barrio CAONILLAS ABAJO del
Municipio de Utuado, con una cabida superficial de -
ONCE CUERDAS Y MEDIA, equivalentes a cuatro hectáreas,
cincuenta y una áreas, noventa y cinco centiáreas, o
LINDES:  Norte, tierras de los hermanos Ruis Amengual,
o sea el remanente de la finca de quince cuerdas que
se segrega de ella, o sea tierras de la Autoridad de
las Fuentes Fluviales; Oeste, con la Puerto Rico Re-
construction Administration, apareciendo de la ins-
cripción tercera alteradas las colindancias como sigue:
Norte, Puerto Rico Reconstruction Administration y -
Pelayo Ruiz; Sur y Oeste, Pelayo Ruiz; y por el Este,
con el Lago Caonillas, estando atravesada de Sur a -
Norte, por la carretera que conduce a la planta eléc-
trica de Caonillas.------------------------------------

Por su inscripción sexta figura inscrita al folio -
ciento cuarenta y nueve (149) vuelto del tomo dos-
cientos cincuenta y uno (251) de Utuado, finca núme-
ro siete mil setenta y cinco (7,075).------------------

Fo. 149 vto.
Tomo: 251Ut.
Ws.22
#4995

17.6153 cds

"G" RUSTICA:  Finca radicada en el barrio Caonillas
término municipal de Utuado, compuesta de DIECISIETE
CUERDAS CON SEIS MIL CIENTO CINCUENTA Y TRES DIEZ MI-
LESIMAS más o menos, igual a seis hectáreas, noventi-
dós áreas, treinticinco centiáres y diecisiete mili-
áreas más o menos.  LINDA:  Norte, la Puerto Rico Re-
construction Administration y Pelayo Ruiz; Sur, Aveli-
no Collazo y José Guindín; Este, el Lago Caonillas;
y Oeste, José Guindín y Sucesión de Rivera Vázquez.
Está atravesada de Sur a Norte por la carretera que
conduce a la planta eléctrica de Caonillas.  Enclava
una casa de concreto armado y bloques con piso de lo-
setas y torta de hormigón, la cual tiene cinco cuar-
tos, sala comedor, cocina, marquesina y cuartos sani-
tarios.   Dentro del cuerpo de ésta finca se encuen-
tra indentado el predio que le fuera disgregado que
dá al frente de la orilla Este de dicha carretera.--

Esta finca es el remanente de la número cuatro mil se-
tecientos noventa y cinco (4,795) inscrita al folio
ciento cuarenta y tres (143) vuelto del tomo doscien-
tos cincuentiuno (251), inscripción décimonovena lue-
go de disgregársele un predio de dos mil novecientos
cuarenta y seis metros con setenta y cinco centíme-
tros cuadrados.-----------------------------------

TITULO:  Adquirió el deudor hipotecario los bienes -
descritos por compra a don Luis Daniel Ramos Méndez
según escritura número ochentitrés de fecha de hoy
otorgada ante el notario Jorge Manrique pendiente de
inscripción en el Registro de la Propiedad.---------

CARGAS:  Asegura el deudor hipotecario que los bienes
descritos se encuentran libre de cargas.------------
DUODECIMO:  Don BENITO ALVAREZ DOMINGUEZ, mayor de -
dad, divorciado , propietario y vecino de San Juan,
Puerto Rico, cuya dirección postal es "611 Fernández
Juncos Avenue - Miramar, Puerto Rico 00907".--------
DECIMO TERCERO:  El importe del préstamo aquí consig-
nado será usado para la compra de las fincas antes --

aquí descritas así como tambien para el mejoramiento
de las mismas en la siguiente forma: siembra de --
diecisiete (17) cuerdas de yerba estrella; mejora-
miento de la yerba existente, reparación y construc-
ción de cercados, construcción de bebederos e insta-
lación del agua y para mejora de los caminos de las
fincas.--------------------------------------------

DECIMO CUARTO: Esta hipoteca se extiende expresamen-
te a toda construcción o edificación existente en las
fincas antes descritas y a toda mejora, construcción
o edificación que se construya en dichas fincas du-
rante la vigencia del préstamo hipotecario constituí-
do a favor del Gobierno, verificada por los actuales
dueños deudores o por sus cesionarios o causahabien-
tes.------------------------------------------------

DECIMO QUINTO: Manifiesta además el compareciente -
en esta escritura que por tratarse de un préstamo pa-
ra fines agrícolas ha acordado en no distribuir la -
responsabilidad entre las fincas gravadas y por lo -
tanto todas responderán por separado solidaria y man-
comunadamente de la deuda, principal, intereses, cos-
tas y demás créditos garantizados por esta escritura;
todo ello conforme al Artículo Ciento Diecinueve de
la Ley Hipotecaria, según el mismo ha sido enmendado
por la Ley Número setenta y nueve (79) del veinti-
cinco de junio de mil novecientos sesenta y nueve.--
DECIMO SEXTO: El deudor hipotecario por la presente
renuncia mancomunada y solidariamente por si y a nom-
bre de sus herederos, causahabientes, sucesores o re-
presentantes a favor del acreedor hipotecario (Admi-
nistración de Hogares de Agricultores), cualquier de-
recho de Hogar Seguro (Homestead) que en el presente
o en el futuro pudiera tener en la propiedad descrita
en el párrafo UNDECIMO y en los edificios allí encla-

vados o que en el futuro fueran construídos; renun-
cia que está permitida a favor de la Administración
de Hogares de Agricultores por la Ley Número trece
(13) del veintiocho (28) de mayo de mil novecientos
sesenta y nueve (1969) (31 L. P. R. A. 1851).--------

El otorgante acepta la presente escritura en la for-
ma redactada por ser conforme a lo convenido; Yo, el
Notario, hícele las advertencias legales pertinen-
tes y bien impuesto de ellas así la otorga y firma,
estampando además sus iniciales al margen de todos y
cada uno de sus folios. Previa lectura que en alta
voz le híce al otorgante no obstante haberla leído -
personalmente en uso del derecho le advertí tenía; -
Yo, el Notario, de todo lo consignado en este instru-
mento público al cual cancelaré el impuesto notarial
del Colegio de Abogados de Puerto Rico DE E.------
FIRMADO: Benito Alvarez Domínguez---------- Firmado,
signado, rubricado y sellado: LUIS PEREZ MATOS------

--Hay cancelado el sello de impuesto notarial del Co-
legio de Abogados de Puerto Rico en la e scritura matriz.

CERTIFICO: Que la precedente es una copia fiel y exacta
de su original obrante en mi protocolo notarial de ins-
trumentos públicos del corriente año a que me remito.
Y para entregar a la Administración de Hogares A Agri-
cultores expido esta primera copia-certificada hoy día
de su otorgamiento.------

Notario Público





## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of the Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico -------------------------------------

Juan M. Ortiz Serbiá
State Executive Director

FmHA Form 427-1 (S) PR
10/61

**NUMBER ONE HUNDRED NINETEEN**

**VOLUNTARY MORTGAGE**

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

Patricia Beckerley

PATRICIA BECKERLEY
Certified Court Interpreter/Translator

----In the city of Utuado, Puerto Rico, on September four of one thousand nine

hundred seventy-four.--------------------------------------------------------------------------

------------------------------------------------BEFORE  ME--------------------------------------

----------------------------------------LUIS  PEREZ  MATOS--------------------------------

Attorney and Notary Public of this Island with residence and domicile in

Utuado, and office in said city.------------------------------------------------------------------

(Note:  stamped with Property Registry seal, Utuado  section  and that  of the

Notary Public, Luis Pérez Matos).

**APPEARING**

The persons named in the TWELFTH paragraph of this mortgage henceforth

referred to as the "mortgage debtor" and whose personal circumstances

appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the

basis of their statements regarding their age, civil status, occupation and

domicile.

They assure me of being in the full enjoyment of their civil rights, the free

administration of their goods and in my judgment, they have the necessary

legal capacity for this execution.

## STATE

FIRST:     The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:     That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:     That the mortgage debtor has an obligation with regard to the to the United States of America, acting through the Farmer's Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.   It is required by the Government that additional monthly payments of one twelfth of the taxes, assessments (taxes), insurance premiums and other charges which have been estimated with regard to the mortgaged property be made.

FOURTH:     It is clearly understood that:

(One) The promissory note evidences a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmer's Home Administration or Title V of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two) When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three) When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note. (Four) At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the promissory note that shall be designated as "annual charge".

(Five) A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six) Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the

payment of the promissory note but when the promissory note is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH: That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the event that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guaranty of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guaranty for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor, and (c) in any case and at all times in guaranty of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage

creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety. In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor the costs, expenses and attorney's fees of the mortgage creditor. Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH: The mortgage debtor expressly agrees to the following:

(One)        Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor. At all times when the

promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two) To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmer's Home Administration.

(Three) At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether this is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of --five-- percent (5 % ) annually from the date when the payment was due up the date when the mortgage debtor pays it.

(Four): Whether the promissory note was insured by the mortgage creditor or not, any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to

the fact that the mortgage debtor had stopped paying the same, it shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same has been satisfied by the mortgage debtor.

(Five) Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage. No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay. Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor. If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed herein in the order in which it were to be determined by the mortgage creditor.

(Six) Use the sum of the loan evidenced by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven) To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight) Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the

future. The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine) Conserve the goods in good condition and promptly verify the necessary repairs for the conservation of the goods; shall not commit nor allow the commission of any deterioration of the goods; neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that the mortgage creditor requires from time to time. The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmer's Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven) Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and regulations affecting the goods or their use.

(Twelve)    The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the guaranty granted is being undermined or deteriorated, and if said

examination or inspection were to determine, in the judgment of the mortgage creditor, that the guaranty granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen) If any other person were to illegally keep or challenge the right of possession of the mortgage debtor with regard to the goods, the mortgage debtor shall immediately notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen) If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document, authorized and with powers to take possession of the goods, lease them and administrate the goods and collect their rental fees, benefits and income from the same and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen) At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production,

from a Federal Bank or other reliable source, credit union or a private one, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen) The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declare himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:    (One)    to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement with the law and the terms of the same;  (Two)  incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen) The mortgage debtor shall pay or reimburse the mortgage creditor for all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen) Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date, the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at anytime (One) to waive compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant; (Two) negotiate with the mortgage debtor or grant to the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the hands of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and guaranteed herein; or (Three) grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen) All the rights, title and interest in and on the present mortgage, including but not limiting the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage

creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty) The breach of this mortgage shall constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor; and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one) Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall be directed until another address is designated in a notice given to that effect, in the case of the mortgage creditor, to the Farmer's Home Administration, the United States Department of Agriculture, San Juan, Puerto Rico, and in the case of the mortgage debtor, to him at the postal address of his residence pursuant to how it is specified further on.

(Twenty-two) By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as the sum of the judgment for damages caused to the goods. The mortgage creditor shall apply the sum that he receives to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:     So that it will serve as rate for the first auction that must be held

in the event of foreclosure of this mortgage, in conformity to the Mortgage Act, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of **FORTY-FIVE THOUSAND DOLLARS ($45,000.00)**------------------------------------------------------------------------

EIGHTH: The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need for any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmer's Home Administration now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH: The amounts guarantied by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is owned by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without insuring the promissory note: -- **FORTY-FIVE THOUSAND DOLLARS ($45,000.00)**-- the principal of said promissory note, with its interest as it has been stipulated at the rate of ----**five**---- percent (5 %) annually;

Two. At all times when the promissory note is held by an insured lender:

(A) **FORTY-FIVE THOUSAND DOLLARS ($45,000.00)** to indemnify the mortgage creditor for advances to the insured lender due to the lack of compliance of the mortgage debtor in paying the installments as specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B) **SIXTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($67,500.00)** additionally indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;---------------------------

Three. In any case and at all times:

(A) **NINE THOUSAND DOLLARS ($9,000.00) for** interest after default;----------

(B) **NINE THOUSAND DOLLARS ($9,000.00) for** taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph, Third;---------------------------------------

C) **FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00)** for costs, expenses and attorney's fees in the event of foreclosure---------------------

(D) **FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00)** for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH: That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows: --------
PROMISSORY NOTE: granted in case number **sixty-three dash fifteen dash** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓(63-15-▓▓▓▓▓), dated today September four of one thousand nine hundred seventy-four for the sum of FORTY-FIVE THOUSAND DOLLARS ($45,000.00) of principal with interest on the balance of principal owed at the rate of five percent (5%) annually. Said principal and interest shal be payable in the following installments on or before the following dates:

SEVEN HUNDRED THIRTY-FOUR DOLLARS ($734.00) on January first of one thousand nine hundred seventy-five and TWO THOUSAND SIX HUNDRED TWENTY-THREE ($2,623.00) annually every subsequent January first until the principal and its interest have been totally paid, except the final

payment of the total debt represented herein, if it has not been paid previously, shall be due and shall be payable within forty (40) years from the date of the promissory note. -------------------------------------------------------------------------------

Said Promissory Note has been executed as evidence of a loan by the Government to the borrower in conformity to the Act of the United States of America Congress entitled Consolidated Farmers Home Administration Act of one thousand nine hundred sixty-one or in conformity with the Homestead Act of one thousand nine hundred forty-nine pursuant to how they have been amended and is subject to the present Regulations of the Farmers Home Administration and to the future Regulations not inconsistent with said law.

---ELEVENTH: Description of the goods:------------------------------------------------

(Note on the left-hand margin of the page: "Page – back side of 132, book – 293 Ut., registration – 13th, property # 4963) ( 6.19 " cuerdas")

----"A " RURAL: Located in the CAONILLAS ABAJO ward of the municipality of Utuado, with an area of SIX "CUERDAS" AND NINETEEN HUNDREDTHS of another, equivalent to two hectares, forty-three ares, twenty-nine centiares and seventeen milliares ADJOINING: to the North, Gabriel Beauchamp; to the SOUTH, Pelayo Ruiz; to the East, with the Caonillas Lake; and on the West, with the road that leads to the Caonillas hydroelectrical plant and separates from land belonging to the Puerto Rico Reconstruction Administration.-----------

On the basis of its eleventh registration, it appears registered in the Property Registry on page one hundred thirty-two (132) of book two hundred ninety-three (293) of the municipality of Utuado, property number four thousand nine hundred sixty-three (4,963).--------------------------------------------------------------------

(Note: Located on the left-hand side of the margin of the page: "page- back

side of 150, book – 251 of Ut., registration – 8th, property # 7075)

(11.5 "cuerdas")

----"B" RURAL: Located in the CAONILLAS  ABAJO  ward of the municipality of Utuado,  with a superficial area of  ELEVEN AND  A  HALF "CUERDAS", equivalent to four hectares,   fifty-one ares, ninety-five centiares, abutting: North, land of the Ruiz Amengual brothers,  in other words, the remainder of the fifteen "cuerdas" property from which it is segregated,  in other words, land belonging to the Pluvial Sources Authority; West, with the Puerto Rico Reconstruction Administration, there appearing from the third registration that the  boundaries  have  been  altered  as  follows:      North,  Puerto  Rico Reconstruction and Pelayo Ruiz; South and West, Pelayo Ruiz; and on the East, with the Caonillas Lake, being traversed through from South to North, with the road that leads to the Caonillas electrical plant.------------------------------

By means of its sixth registration, it appears registered on the back side of one hundred forty-nine (149) of book two hundred fifty-one (251) of Utuado, property number seven thousand seventy-five (7,075).---------------------------------

(Handwritten note on the left-hand margin; page – back side of  147, book – 251 Ut., registration – 22nd, property – 4795) (17.6153 " cuerdas").

"C" RURAL: Property located in the Caonillas ward of the municipality of Utuado, comprised of SEVENTEEN " CUERDAS" WITH  SIX  THOUSAND ONE   HUNDRED  FIFTY-THREE  TEN-THOUSANDTHS more or less, equal to six hectares, ninety-two ares, thirty-five centiares and seventeen milliares more  or  less.      ABUTTING:      North,  the  Puerto  Rico  Reconstruction Administration and Pelayo Ruiz; South, Avelino Collazo and  José Guindín ; East,  the  Caonillas  Lake;  and  West,  José  Guindín  and  Rivera  Vázquez

Succession. It's traversed through from South to North by the road that leads to the Caonillas electrical plant. There is located on it a house built out of reinforced concrete and blocks with a tile floor and a floor base made out of reinforced concrete, which has five bedrooms, living roon, dining room, kitchen, carport and bathrooms. Within the body of this farm there is to be found embedded the plot of land that was segregated from it which faces the Eastern edge of said road.----------------------------------------------------------------------------------

This property is the remainder of property number four thousand seven hundred ninety-five (4,795) registered on the back side of page one hundred forty-three of book two hundred fifty-one (251), nineteenth registration after having segregated from it a plot of land of two thousand nine hundred forty-six meters with seventy-five square centimeters.----------------------------------------------

TITLE: The mortgage debtor acquired the goods described through purchase from Mister Luis Daniel Ramos Méndez pursuant to deed number eighty-three, dated today, executed before Notary Jorge Manrique pending registration in the Property Registry.--------------------------------------------------------------------------------

CHARGES: The mortgage debtor assures that the goods described are free from charges.--------------------------------------------------------------------------------------

TWELFTH: MISTER BENITO ALVAREZ DOMINGUEZ, of legal age, divorced, property owner and resident of San Juan, Puerto Rico, whose address is 611 Fernández Juncos Avenue, Miramar, Puerto Rico 00907.------

THIRTEENTH: The sum of the loan consigned herein shall be used for the purchase of the properties described above so as well as also for the improvement of the same in the following manner: planting of seventeen (17) " cuerdas" of star grass (" yerba estrella"); improvement of the existing grass,

repair and construction of fencing, construction of drinking watering troughs for animals and installation of the water and for the improvement of roads on the properties.-----------------------------------------------------------------------------------------------

FOURTEENTH: This Mortgage is expressly extended to any existing construction or building on the property described above and to any improvement, construction or structure that is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionaires or assigns.--------

FIFTEENTH: In addition, the one appearing herein in this deed states that since we are dealing with a loan for agricultural purposes, they have agreed to not distribute the liability among the encumbered properties and therefore all of them shall answer separately, severally and jointly for the debt, principal, interest, costs and other credits guaranteed by this deed; all of it in conformity to Article One Hundred Nineteen of the Mortgage Act, pursuant to how the same has been amended by Act Number seventy-nine (79) of June twenty-five of one thousand nine hundred sixty-nine.------------------------------------------------

SIXTEENTH: By means of the present document, the mortgage debtor waives, severally and jointly by itself and in the name of his heirs, assigns, successors or representatives in favor of the mortgage creditor (Farmers Home Administration) any Homestead right which in the present or in the future it could have with regard to the property described in the ELEVENTH paragraph and on the buildings located therein or which were to be built in the future, this waiver being allowed in favor of the Farmers Home Administration by Act Number Thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A 1851).-------------------------------------------------------

The grantor accepts the present deed in the manner drafted due to its being in conformity with what was agreed upon; I, the Notary, stated to him the relevant legal warnings and well informed about them, he so executes and signs it, in addition to stamping his initials on the margin of each and every one of its pages. After I read it out loud to the grantor, notwithstanding the fact that he had personally read it using the right which I informed him he had; I, the Notary, with regard to everything that is consigned in this public instrument in regard to which I shall cancel the notarial fee of the Puerto Rico Bar Association, GIVE FAITH.----------------------------------------------------------------------------------------------

SIGNED: Benito Alvarez Dominguez-----------------------------------------------Signed, with the Notary's mark put on it, paraphed and stamped; LUIS   PEREZ MATOS-----------------------------------------------------------------------------------------

----The notarial fee stamp from the Puerto Rico Bar Association has been cancelled in the main deed.----------------------------------------------------------------------

I   CERTIFY: That the preceding is a faithful and exact copy of its original appearing in my notarial protocol of public instruments for the present year to which I make reference. And to deliver to the Farmers Home Administration, I issue this first certified copy, today, day of its execution.--------

(signature of the Notary Public)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

(Note: stamped with the seal of the Puerto Rico Property Registry, Utuado section, on every page and that of the Notary Public, Luis Pérez Matos).

(Note 2: The page has attached to it 4 notarial fee stamps, each one with the value of .25 cents, for which the numbers are illegible).

Handwritten note:

The preceding document has been registered where indicated on the notes placed on the margin. Property # 4795 is encumbered by the right of way in favor of the Pluvial Sources Authority and all of them are encumbered by the mortgage constituted by virtue of this document.

Utuado, on January 30, 1975.

(signature of the Registrar, Doris M. de Figueroa) (DMF initials)

Without fees. Ut., 11-9-75

(Stamped with the seal of the Puerto Rico Property Registry, Utuado section)

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerley*
PATRICIA BECKERLEY
Certified Court Interpreter/Translator

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**CLIENT:  BENITO ÁLVAREZ DOMÍNGUEZ**            **REF: 1521.258**
                                      **BY: TAIMARY ESCALONA**


**PROPERTY NUMBER:** 4,963, recorded at page 49 of volume 107 of Utuado, Registry of the Property of Puerto Rico, section of Utuado.


**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Radicada en el Barrio Caonillas Abajo del término municipal de Utuado, con cabida de **seis cuerdas con diez y nueve centimos de otra, equivalentes a dos hectáreas, cuarenta y tres áreas, veintinueve centiáreas y diecisiete miliáreas,** en lindes: al **NORTE**, Gabriel Beauchamp; al **SUR**, Pelayo Ruíz; al **ESTE**, con el Lago de Caonillas; y por el **OESTE**, con la carretera que conduce a la planta hidroeléctrica de Caonillas y separa de terrenos de la Puerto Rico Reconstruction Administration.

**ORIGIN:**

Judicial Declaration

**TITLE:**

This property is registered in favor of BENITO ÁLVAREZ DOMÍNGUEZ, single, who acquired it by purchase from Luis Daniel Ramos Méndez, widow, at a price of $6,000.00, pursuant to deed #83, executed in Utuado, Puerto Rico, on September 4, 1974, before Jorge Domingue Notary Public, recorded at page 132 of volume 293 of Utuado, property number 4,963, 12th inscription.
**Presented on September 6, 1974**
**Recorded on January 30, 1975**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of United States of America, in the original principal amount of $45,000.00, with 5% annual interests, due on 40 years, constituted by deed #119, executed in Utuado, Puerto Rico, on September 4, 1974, before Luis Pérez Matos Notary Public, recorded at overleaf of page 132 of volume 293 of Utuado, property number 4,963, 13th inscription. It is not distributed the responsibility of mortgage.
     **Presented on September 6, 1974**
     **Recorded on January 30, 1975**

2.   **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of Luis Daniel Ramos Méndez, in the original principal amount of $5,000.00, with 6% annual interests, due on 5 years each property equally, constituted by deed #84, executed in Utuado, Puerto Rico, on September 4, 1974, before Jorge Domingue Notary Public, recorded at overleaf of page 133 of volume 293 of Utuado, property number 4,963, 14th inscription.
     **Presented on September 6, 1974**
     **Recorded on January 30, 1975**



ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

PAGE #2
PROPERTY #4,963

3.  **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of La Corporación de Crédito Agrícola, in the original principal amount of $10,000.00, responding by $1,900.00, with 7% annual interests, due on presentation, constituted by deed #30, executed in San Juan, Puerto Rico, on February 4, 1975, before Luisa Haydeé Virella Fermín Notary Public, recorded at page 134 of volume 293 of Utuado, property number 4,963, 15th inscription.
    **Presented on April 8, 1975**
    **Recorded on April 10, 1975**

4.  **SEIZURE:** Executed in the Superior Court of San Juan, civil case #82-3179, for reason of Collection of Money, by Corporación de Crédito Agrícola, plaintiff, versus Benito Álvarez Domínguez, defendant, by the amount of $1,487.79, Order dated September 1, 1982, Sentence dated September 2, 1982, Writ dated September 2, 1982, recorded at page 135 of volume 293 of Utuado, property number 4,963, annotation "A", on September 29, 1982.
    **Presented on September 28, 1982**
    **Recorded on September 29, 1982**

    **OBSERVATION:** At entry 1412 of daily book 395, presented on January 25th, 2005, Deed #31, executed in San Juan, Puerto Rico, on November 23, 2004, before Carlos Ramírez Fiol Notary Public, purchase of property numbers 4795; 4963 and 7075 of Utuado in favor of Caonillas Lake Development Corporation, for $80,000.00.
    **THIS DOCUMENT WAS NOTIFIED ON NOVEMBER 2, 2009 AND EXPIRED ON JANUARY 4, 2010.**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 24th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

_Authorized signature_

mcr/dm/**F**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on January 24th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this ___19___ day of ___February___ of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,207.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 19 day of February of 2020.

NOTARY PUBLIC

RECIBO
4119-02164361

9307
02/19/2020
$5.00
Sello de Asistencia Legal
80093-2020-0219-42179041

# TITLE SEARCH

**CLIENT: BENITO ALVAREZ DOMÍNGUEZ**          **REF: 1521.258**
                                              **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 7,075, recorded at page 30 of volume 165 of Utuado, Registry of the Property of Puerto Rico, section of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Parcela de terreno sita en el Barrio Caonillas Abajo del término municipal de Utuado, Puerto Rico con una cabida superficial de **once cuerdas y media, equivalentes a cuatro hectáreas, cincuenta y una área y noventa y cinco centiáreas**, en lindes por el **NORTE**, con tierras de los hermanos Ruíz Amengual, o sea el remanente de la finca de quince cuerdas, que se segrega de ella, o sea, tierras de la Autoridad de Fuentes Fluviales; por el **OESTE**, con la Puerto Rico Reconstruction Administration, apareciendo de la inscripción tercera alteradas las colindancias como sigue: **NORTE**, Puerto Rico Reconstruction Administration y Pelayo Ruíz; **SUR** y **OESTE**, Pelayo Ruíz; y por el **ESTE**, con el Lago Caonillas, estando atravesada por la carretera que conduce a la planta eléctrica de Caonillas.

**ORIGIN:**

It is segregated from property number 1,175, recorded at page 118, volume 24 of Utuado.

**TITLE:**

This property is registered in favor of BENITO ALVAREZ DOMÍNGUEZ, single, who acquired it by purchase from Luis Daniel Ramos Méndez, widow, at a price of $12,000.00, pursuant to deed #83, executed in Utuado, Puerto Rico, on September 3, 1974, before Jorge Domingue Notary Public, recorded at page 150 of volume 251 of Utuado, property number 7,075, 7th inscription.
**Presented on September 6, 1974**
**Recorded on January 30, 1975**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of United States of America, in the original principal amount of $45,000.00, with 5% annual interests, due on 40 years, constituted by deed #119, executed in Utuado, Puerto Rico, on September 4, 1974, before Luis Pérez Matos Notary Public, recorded at overleaf of page 150 of volume 251 of Utuado, property number 7,075, 8th inscription. It is not distributed the responsibility of mortgage.
     **Presented on September 6, 1974**
     **Recorded on January 30, 1975**

2.   **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of Luis Daniel Ramos Méndez, in the original principal amount of $5,000.00, with 6% annual interests, due on 5 years each property equally, constituted by deed #84, executed in Utuado, Puerto Rico, on September 4, 1974, before Jorge Domingue Notary Public, recorded at page 151 of volume 251 of Utuado, property number 7,075, 9th inscription.
     **Presented on September 6, 1974**
     **Recorded on January 30, 1975**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #7,075

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

3.  **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of La Corporación de Crédito Agrícola, in the original principal amount of $10,000.00, responding by $3,200.00, with 7% annual interests, due on presentation, constituted by deed #30, executed in San Juan, Puerto Rico, on February 4, 1975, before Luisa Haydeé Virella Fermín Notary Public, recorded at page 152 of volume 251 of Utuado, property number 7,075, 10th inscription.
    **Presented on April 8, 1975**
    **Recorded on April 10, 1975**

4.  **SEIZURE:** Executed in the Superior Court of San Juan, civil case #82-3179, for reason of Collection of Money, by Corporación de Crédito Agrícola, plaintiff, versus Benito Álvarez Domínguez, defendant, by the amount of $1,487.79, Order dated September 1, 1982, Sentence dated September 2, 1982, Writ dated September 2, 1982, recorded at overleaf of page 152 of volume 251 of Utuado, property number 7,075, annotation "A", on September 29, 1982.
    **Presented on September 28, 1982**
    **Recorded on September 29, 1982**

    **OBSERVATION:** At entry 1412 of daily book 395, presented on January 25th, 2005, Deed #31, executed in San Juan, Puerto Rico, on November 23, 2004, before Carlos Ramírez Fiol Notary Public, purchase of property numbers 4795; 4963 and 7075 of Utuado in favor of Caonillas Lake Development Corporation, for $80,000.00.
    **THIS DOCUMENT WAS NOTIFIED ON NOVEMBER 2, 2009 AND EXPIRED ON JANUARY 4, 2010.**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 24th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

Authorized Signature

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on January 24th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this __19__ day of _february_ of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,208.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this __19__ day of _february_ of 2020.

_____
NOTARY PUBLIC

Exhibit 5

# TITLE SEARCH

**CLIENT:  BENITO ALVAREZ DOMÍNGUEZ**              **REF: 1521.258**
                                                                                **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 4,795, recorded at page 11 of volume 10 of Utuado, Registry of the Property of Puerto Rico, section of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Finca radicada en el barrio Caonillas del término municipal de Utuado, compuesta de **diecisiete cuerdas con seis mil ciento cincuenta y tres diez milésimas de otra, equivalentes a seis hectáreas, noventa y dos áreas, treinta y cinco centiáreas y diecisiete miliáreas más o menos,** en lindes: **NORTE**, con la Puerto Rico Reconstruction Administration y Pelayo Ruíz; al **SUR**, con Avelino Collazo y José Guindín; al **ESTE**, el Lago Caonillas; y al **OESTE**, José Guindín y Sucesión Rivera Vázquez. Está atravesada de Sur a Norte por la carretera que conduce a la planta eléctrica de Caonillas. Enclava una casa de concreto armado y bloques con piso de losetas y torta de hormigón, la cual tiene cinco cuartos, sala comedor, cocina, marquesina y cuartos sanitarios. Dentro del cuerpo de esta finca se encuentra indentado el predio que le fuera disgregado que da al frente de la orilla Este de dicha carretera.

**ORIGIN:**

It is segregated from property number 1,175, recorded at page 118, volume 24 of Utuado.

**TITLE:**

This property is registered in favor of BENITO ALVAREZ DOMÍNGUEZ, single, who acquired it by purchase from Luis Daniel Ramos Méndez, widow, at a price of $22,000.00, pursuant to deed #83, executed in Utuado, Puerto Rico, on September 3, 1974, before Jorge Domingue Notary Public, recorded at page 146 of volume 251 of Utuado, property number 4,795, 21st inscription.
**Presented on September 6, 1974**
**Recorded on January 30, 1975**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   Easement in favor of Autoridad de Fuentes Fluviales, constituted by deed #45, executed in Utuado, Puerto Rico, on December 7, 1943, before Celestino Domínguez Rubio Notary Public, recorded at page 17 of volume 165 of Utuado, property number 4,795, 12th inscription.

2.   **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of United States of America, in the original principal amount of $45,000.00, with 5% annual interests, due on 40 years, constituted by deed #119, executed in Utuado, Puerto Rico, on September 4, 1974, before Luís Pérez Matos Notary Public, recorded at overleaf of page 147 of volume 251 of Utuado, property number 4,795, 22th inscription. It is not distributed the responsibility of mortgage.
**Presented on September 6, 1974**
**Recorded on January 30, 1975**



ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1487, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**PAGE #2**
**PROPERTY #4,795**

3. **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of Luis Daniel Ramos Méndez, in the original principal amount of $5,000.00, with 6% annual interests, due on 5 years each property equally, constituted by deed #84, executed in Utuado, Puerto Rico, on September 4, 1974, before Jorge Domingue Notary Public, recorded at page 115 of volume 323 of Utuado, property number 4,795, 23th inscription.
   **Presented on September 6, 1974**
   **Recorded on January 30, 1975**

4. **MORTGAGE:** Constituted by Benito Álvarez Domínguez, over this and other properties, in favor of La Corporación de Crédito Agrícola, in the original principal amount of $10,000.00, responding by $4,900.00, with 7% annual interests, due on presentation, constituted by deed #30, executed in San Juan, Puerto Rico, on February 4, 1975, before Luisa Haydeé Virella Fermín Notary Public, recorded at page 116 of volume 323 of Utuado, property number 4,795, 24th inscription.
   **Presented on April 8, 1975**
   **Recorded on April 10, 1975**

5. **SEIZURE:** Executed in the Superior Court of San Juan, civil case #82-3179, for reason of Collection of Money, by Corporación de Crédito Agrícola, plaintiff, versus Benito Álvarez Domínguez, defendant, by the amount of $1,487.79, Order dated September 1, 1982, Sentence dated September 2, 1982, Writ dated September 2, 1982, recorded at page 117 of volume 323 of Utuado, property number 4,795, annotation "A", on September 29, 1982.
   **Presented on September 28, 1982**
   **Recorded on September 29, 1982**

   **OBSERVATION:** At entry 1412 of daily book 395, presented on January 25th, 2005, Deed #31, executed in San Juan, Puerto Rico, on November 23, 2004, before Carlos Ramírez Fiol Notary Public, purchase of property numbers 4795; 4963 and 7075 of Utuado in favor of Caonillas Lake Development Corporation, for $80,C00.00.
   **THIS DOCUMENT WAS NOTIFIED ON NOVEMBER 2, 2009 AND EXPIRED ON JANUARY 4, 2010.**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 24th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

Authorized signature

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

    1. That my name and personal circumstances are the above mentioned.

    2. That on January 24th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

    3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this __19__ day of __february__ of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,209 .

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this __19__ day of __february__ of 2020.

_____
NOTARY PUBLIC

*1521.2258*

Exhibit 6

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY
654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:    Sucesion Benito Alvarez Dominguez    Case No:    63-015-9742

### *CERTIFICATION OF INDEBTEDNESS*

I, Jean P. Tilen Napoli, of legal age, married, a resident of Patillas, Puerto Rico in my official capacity as
Loan Resolution Task Force Contractor of the *Farm Service Agency* , United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according
  to information obtained from all available records at the USDA-Farm Service Agency:

*Statement of Account as of      September 11, 2020*

| Loan Number | 41-01 |
|---|---|
| Original Note Amount | $45,000.00 |
| Original Note Date | 9/4/1974 |
| Date of Last Payment | 1/14/2002 |
| Principal Balance | $21,791.26 |
| Unpaid Interest | $20,328.56 |
| Misc. Charges | $0.00 |
| Total Balance | $42,119.82 |
| Daily Interest Accrual | $                           2.9851 |
| Amount Delinquent | $42,119.82 |
| Years Delinquent | Fully Matured |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement
  of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the
  United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under
  penalty of perjury as allowed by 28 U.S.C. 1746.

*J. P. Tilen Napoli*

Digitally signed by JEAN TILEN NAPOLI
(Affiliate)
DN: c=US, o=U.S. Government,
ou=Department of Agriculture,
0.9.2342.19200300.100.1.1=1200100387932
5, cn=JEAN TILEN NAPOLI (Affiliate)
Date: 2020.09.11 14:52:58 -04'00'
Adobe Acrobat version: 2020.012.20041

Jean P. Tilen Napoli
LRTF Contractor
September 11, 2020

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ESTATE OF BENITO ÁLVAREZ DOMÍNGUEZ, et als. | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JUAN JOSÉ ÁLVAREZ DOMÍNGUEZ
Condominio Surfside Mansions          611 Fernández Juncos Ave.
Apt. 702                               Miramar, PR 00907
Isla Verde, PR 00979

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   Fortuño, Juan Carlos

USDC-PR Bar Number:   211913

Email Address:   jcfortuno@fortuno-law.com

1.  Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:   UNITED STATES OF AMERICA, acting through the USDA

   Defendant:   ESTATE OF BENITO ÁLVAREZ DOMÍNGUEZ; ET ALS.

2.  Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3.  Indicate the title and number of related cases (if any).

   N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:

rev. Dec. 2009

[ Print Form ]   [ Reset Form ]

*1521·258*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

### (b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

### (c) Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Fortuño Fas
Po Box 3908, Guaynabo, PR 00970
Tel. 787-751-5290

## DEFENDANTS

ESTATE OF BENITO ÁLVAREZ DOMÍNGUEZ, et als.

County of Residence of First Listed Defendant    Utuado, P.R.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
41,131.75

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

*Juan Carlos Fortuño Fas*

## FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE